[Cite as *In re Estate of Lewis*, 2018-Ohio-3832.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

IN RE: ESTATE OF MICHAEL E. LEWIS

C.A. No. 17CA0054-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE Nos. 2015 12 ES 00551
2016 11 CA 00032

DECISION AND JOURNAL ENTRY

Dated: September 24, 2018

CALLAHAN, Judge.

{¶1} Appellant, Christina Lewis, appeals an order of the Medina County Probate Court that concluded that Ellen McCoy is the surviving spouse of the late Michael Lewis. This Court reverses.

I.

{¶2} Michael E. Lewis died on December 10, 2015. A will executed by Mr. Lewis in 2014 provided that all of his property should pass to "my wife, CHRISTINA D. LEWIS." Only three days after Mr. Lewis' death, however, attorney Robert Molnar filed an application for authority to administer the estate that listed Ellen McCoy as the surviving spouse and represented that Mr. Lewis died intestate. Six months later, Ms. Lewis filed an application to admit Mr. Lewis' will to probate.

{¶3} The trial court referred the matter to a magistrate for proceedings to determine the identity of Mr. Lewis' surviving spouse. During the hearing before the magistrate, Ms. Lewis

testified that she married Mr. Lewis in 2008 and remained married to him on the date of his death. She acknowledged that both had been previously married and identified one Carolyn Lewis as Mr. Lewis' former wife. Ms. Lewis testified that both she and Mr. Lewis had divorced before their marriage, and she provided a copy of Mr. Lewis' divorce decree as evidence that his marriage to Carolyn Lewis ended in divorce.

{¶4} Ms. McCoy testified that she had also been previously married to Mr. Lewis; that she had never initiated divorce proceedings against him; and that, to the best of her knowledge, they had never divorced. She also testified that she had known about Mr. Lewis' subsequent relationship with Carolyn Lewis. Ms. McCoy acknowledged that she knew about the couple's divorce, but her involvement was limited: according to her testimony, she provided an affidavit that verified she had not initiated divorce proceedings against Mr. Lewis after their relationship ended.

{¶5} The magistrate concluded that Ms. McCoy's testimony that she had never initiated divorce proceedings against Mr. Lewis was persuasive and, on that basis, reasoned that Mr. Lewis' subsequent marriage to Ms. Lewis was invalid. Over Ms. Lewis' objection, the trial court adopted the magistrate's decision and concluded that Ms. McCoy is Mr. Lewis' surviving spouse. Ms. Lewis appealed. Of her three assignments of error, the third is dispositive, so this Court addresses it first.

II.

**ASSIGNMENT OF ERROR NO. 3**

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO CONSIDER THE PRECLUSIVE EFFECT OF THE FINDINGS OF THE MEDINA COUNTY DOMESTIC RELATIONS COURT AS STATED IN THE DIVORCE DECREE GRANTED TO MICHAEL AND CAROLYN LEWIS IN 2005.

{¶6} In her third assignment of error, Ms. Lewis argues that the trial court abused its discretion by determining that Ms. McCoy is Mr. Lewis' surviving spouse because the effect of the trial court's judgment is to permit Ms. McCoy to mount a collateral attack against the decree of divorce between Mr. Lewis and Carolyn Lewis.

{¶7} Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18.

{¶8} A collateral attack on a judgment is "'an attempt to defeat the operation of a judgment, in a proceeding where some new right derived from or through the judgment is involved.'" *Fawn Lake Apts. v. Cuyahoga Cty. Bd. of Revision*, 85 Ohio St.3d 609, 611 (1999), quoting *Kingsborough v. Tousley*, 56 Ohio St. 450, 458 (1897). Because "the collateral-attack doctrine applies to both parties and nonparties," a nonparty may collaterally attack a judgment if the interests that the party asserts are sufficient. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, ¶ 35-36. Nonetheless, collateral attacks on a judgment are disfavored and are permitted only in the limited circumstances when the issuing court lacked jurisdiction or when the underlying judgment was procured by fraud. *Id.* at ¶ 22-23.

{¶9} Assuming that Ms. McCoy's interest in establishing herself as Mr. Lewis' surviving spouse is sufficient to allow a collateral attack if warranted by the circumstances, this is not a case in which collateral attack is permitted. Similar cases are instructive. An impermissible collateral attack has been found, for example, when a party to a divorce seeks to undo a property division by means of a partition action. *Arbogast v. Arbogast*, 165 Ohio St. 459,

460-461 (1956). Similarly, a collateral attack against a divorce decree cannot be made by challenging a party's status as surviving spouse in the context of a probate action. *See In re Estate of Lombard*, 2d Dist. Madison No. 173, 1950 Ohio App. LEXIS 797 (Oct. 6, 1950).

{¶10} By asserting her alleged rights as surviving spouse in this action, Ms. McCoy effectively mounted a collateral attack on the decree of divorce between Mr. Lewis and Carolyn Lewis. Although not a party to the divorce between Mr. Lewis and Carolyn Lewis, Ms. McCoy could have sought intervention as a person who claimed an interest in the property at issue. *See* Civ.R. 75(B)(1). Her testimony demonstrates that she was aware of Mr. Lewis' purported marriage to Carolyn Lewis and that she became aware of the divorce proceedings through her daughter. Ms. McCoy also testified that she provided an affidavit in the context of the divorce action at her daughter's request. Although that affidavit was not entered into evidence in this proceeding, Ms. McCoy's testimony about it was clear: she represented that she never filed divorce proceedings against Mr. Lewis, but not that she and Mr. Lewis never divorced.

{¶11} Ms. McCoy's testimony in this matter confirmed that at the time of Mr. Lewis' divorce from Carolyn Lewis, she did not want to participate in the divorce action and she did not think that she was entitled to any of the assets at issue. Ms. McCoy, therefore, effectively disclaimed her property rights as Mr. Lewis' spouse by failing to assert them in the divorce action despite having notice of those proceedings. In this case, however, Ms. McCoy explicitly asked the trial court to void that decree.

{¶12} There is no evidence in the record of this case that Mr. Lewis perpetrated fraud on the court in the divorce case, nor did the domestic relations court lack subject matter jurisdiction to proceed—even if, as Ms. McCoy now maintains, she remained married to Mr. Lewis at the time. *See* R.C. 3105.01(A) (providing that the court of common pleas may grant a divorce when

"[e]ither party had a husband or wife living at the time of the marriage from which the divorce is sought[.]").

{¶13} Under the unusual circumstances of this case, Ms. McCoy's attempt to assert rights as a surviving spouse constituted an impermissible collateral attack on the judgment of divorce between Mr. Lewis and Carolyn Lewis. Accordingly, the trial court abused its discretion by concluding that Ms. McCoy is Mr. Lewis' surviving spouse. Ms. Lewis' third assignment of error is sustained.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED [MS. LEWIS'] MOTION TO SUBMIT ADDENDUM TO FORM 1.0, WHICH WOULD HAVE NAMED [MS. LEWIS] AS MICHAEL LEWIS' SURVIVING SPOUSE.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION WHEN, IN CONSIDERING [MS. LEWIS'] OBJECTIONS, IT REFUSED TO ALLOW ADDITIONAL EVIDENCE.

{¶14} Ms. Lewis' first and second assignments of error are moot. *See* App.R. 12(A)(1)(c).

III.

{¶15} Ms. Lewis' third assignment of error is sustained. Her first and second assignments of error are moot. The judgment of the Medina County Court of Common Pleas, Probate Division, is reversed.

Judgment reversed.

———

There were reasonable grounds for this appeal.

6

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MONICA E. RUSSELL, Attorney at Law, for Appellant.

ADRIANN S. MCGEE, Attorney at Law, for Appellee.

JOHN C. OLBERHOLTZER, Attorney at Law, for Appellee.